UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CRUZ,

                                  **Plaintiff,**

                     v.                                9:13-CV-30
                                                          (FJS/TWD)

M. GROSSO, Mental Health Counselor, Auburn
Correctional Facility,

                                  **Defendant.**
_____

**APPEARANCES**                              **OF COUNSEL**

**HERMAN CRUZ**
**86-C-0468**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **CHARLES J. QUAKENBUSH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Herman Cruz commenced this action *pro se* and *in forma pauperis* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 1 ("Complaint").  In his complaint, Plaintiff alleged that, in November, 2012, while he was incarcerated at Auburn Correctional Facility ("Auburn C.F."), Defendant Grosso retaliated against him because he filed grievances or

complaints. *See id.* at 7-13. Currently before the Court are Plaintiff's motions for preliminary injunctive relief. *See* Dkt. Nos. 21 (the "First Preliminary Injunction Motion"), 24 (the "Second Preliminary Injunction Motion"). Defendants oppose both of these motions. *See* Dkt. Nos. 22, 26. Plaintiff also has submitted a letter motion seeking a court-ordered transfer to a new facility and copies of all documents in this action, which the Court will liberally construe as a third motion for preliminary injunctive relief. Dkt. No. 29 (the "Third Preliminary Injunction Motion").

## II. DISCUSSION

Preliminary injunctive relief "'"is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."'" *Moore v. Consol. Edison Co. of N. Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997)). The standard a court must use in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See id.* at 35 (quotation and other citations and footnote omitted); *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (quotation omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (quotation omitted); *see Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "'should issue "only upon a clear showing that the moving party is

entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.""  *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (quotation omitted).[1]

In his First Preliminary Injunction Motion, which is dated September 6, 2013, Plaintiff alleges that, while he was incarcerated at Shawangunk Correctional Facility ("Shawangunk C.F.") in 2013,[2] unidentified persons "assaulted" him and "denied [him] chow off and on."  *See* Dkt. No. 21 at 1 (emphasis removed).  Plaintiff claims that "the Superintendent [of Shawangunk C.F.] and Commissioner [of the New York State Department of Corrections and Community Supervision ("DOCCS")] are in support of these violations [and] in collusion to have [Plaintiff] murdered."  *See id*. at 2.  Defendants oppose the First Preliminary Injunction Motion because Plaintiff does not indicate what relief he seeks and because Plaintiff's proper "recourse is through the DOCCS Inmate Grievance Program."  *See* Dkt. No. 22 at 1.

In his Second Preliminary Injunction Motion, Plaintiff alleges that he was transferred to Upstate Correctional Facility ("Upstate C.F.") in September, 2013.  *See* Dkt. No. 24 at 1.  Plaintiff alleges that, upon his arrival at Upstate C.F., he was informed that all of his legal and personal property was missing.  *See id*.  Plaintiff alleges that "Commissioner Annucci had [him] transferred" to deny him medical attention and because "he kn[ew] the case [Plaintiff] was preparing against him."  *See id*. at 2.  Plaintiff also alleges that unidentified persons "assaulted [him and] set [him] up to discredit [his]

---

[1] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(1)(A). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief might have on public safety or on the operation of the criminal justice system.  *See id.*

[2] Plaintiff was transferred to Shawangunk C.F. in June, 2013.  *See* Dkt. No. 16.

chance of parole."[3] *See id*.; *see also* Dkt. Nos. 25, 27 (Plaintiff's submissions in support of his Second Preliminary Injunction Motion).[4] Plaintiff asks the Court "to provide him with copies of everything pertaining to his case" and to direct DOCCS to find his property. *See id*. at 2. Defendants oppose the Second Preliminary Injunction Motion, arguing that Plaintiff's "recourse is through the DOCCS Inmate Grievance Program."[5] *See* Dkt. No. 26 at 1.

By his Third Preliminary Injunction Motion, Plaintiff requests court-ordered transfer out of Upstate C.F. and "copies of [his] whole case." *See* Dkt. No. 29 at 1-2.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quotation and other citation omitted); *see, e.g., Scarbrough v. Evans*, No. 9:09-CV-0850, 2010 WL 1608950, *2 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties where complaint alleged denial of mental health care and improper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-482, 2010 WL 1268024, *3

---

[3] Plaintiff requests "copies of everything pertaining to this case." *See* Dkt. No. 24 at 2. As discussed below, the Court will direct the Clerk of the Court to provide Plaintiff with copies of relevant documents.

[4] Among other things, Plaintiff alleges that Acting DOCCS Commissioner Annucci "had [P]laintiff sent to Shawangunk, where [P]laintiff had many enemies," Plaintiff has been denied medical care at Upstate C.F., and Shawangunk C.F. Superintendent Smith "threw away" Plaintiff's property. *See* Dkt. No. 27 at 1.

[5] Defendants point out that, when Plaintiff filed the Second Preliminary Injunction Motion, he appeared to have a pending grievance concerning the loss of his property. *See id*. (citing Dkt. No. 24 at 3-6). Defendants also argue that, once Plaintiff exhausts his grievance, he can seek judicial review of the conditions of confinement of which he complains by filing a lawsuit addressing those conditions. *See id*.

(N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).  "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

      In this case, the allegations that form the basis for Plaintiff's motions for injunctive relief namely his alleged assaults at Shawangunk C.F. and Upstate C.F. in 2013 and his denial of access to his property and medical care at Upstate C.F. in 2013 — are not sufficiently related to the claims in the complaint that Defendant Grosso retaliated against Plaintiff at Auburn C.F. in 2012.  Therefore, the Court must dismiss the motions on this basis alone.  Moreover, Plaintiff's failure to demonstrate a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor, also warrants denial of his motions.  *See Ivy Mar Co., Inc. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) (holding that "bare allegations, without more, are insufficient for the issuance of a preliminary injunction" (citation and footnote omitted)); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) (stating that "[p]reliminary injunctive relief cannot rest on mere hypotheticals").

      Insofar as Plaintiff seeks to enjoin the actions of non-parties, i.e. employees at Shawangunk C.F., Upstate C.F., or DOCCS Central Office, the Court lacks subject matter jurisdiction to enjoin their actions.  *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985) (stating that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State*

*Univ. of N. Y.*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) (stating that"prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief" (citation omitted)); *In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) (holding that "[a] court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction" (citation omitted)).

Finally, to the extent that Plaintiff seeks transfer to another correctional facility, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state (footnote omitted)); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976) (stating that New York state prisoners have no right to incarceration at a particular prison facility); *Klos v. Haskell*, 835 F. Supp. 710, 723 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995) (citing cases). Moreover, DOCCS has "broad leeway in deciding where to house the inmates under its protective care[.]" *McFadden v. Solfaro*, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, *10 (S.D.N.Y. Apr. 23, 1998); *see also Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States" (citations omitted)). Thus, there is no legal basis for this Court to order Plaintiff's transfer to another correctional facility.

For all of the foregoing reasons, the Court denies Plaintiff's motions for preliminary injunctive relief. Although the Court has denied Plaintiff's motions have been denied, in light of Plaintiff's *pro se* status, the Court will direct the Clerk of the Court to send Plaintiff a complimentary copy of the docket report for this action together with copies of the submissions filed at docket entry numbers 1, 8, 13, and 15.

### III. CONCLUSION

After reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motions for preliminary injunctive relief, *see* Dkt. Nos. 21, 24, 29, are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall send Plaintiff a complimentary copy of the docket report for this action together with copies of the submissions filed at docket entry numbers 1, 8, 13, and 15; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 8, 2013
Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge